Daniel B Chammas (SBN 204825)
dchammas@fordharrison.com
Min K. Kim (SBN 305884)
mkim@fordharrison.com
FORD & HARRISON LLP
350 South Grand Avenue Suite 2300
Los Angeles, California 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendant,
OTO DEVELOPMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON BAXLEY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OTO DEVELOPMENT, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00343-PA-MAA<br><br>Assigned to Hon. Percy Anderson<br>Magistrate Judge Maria A. Audero<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS**<br><br>Date: February 26, 2024<br>Time: 1:30 p.m.<br>Ctrm: 9A<br><br>Complaint Filed: December 4, 2023<br>Removal Filed: January 12, 2024 |

**TO PLAINTIFF HOUSTON BAXLEY AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 26, 2024, at 1:30 p.m., or as soon thereafter as the matter may be considered in Courtroom 9A of the United States District Court for the Central District of California, located at 350 West 1ST Street, 9th Floor, Los Angeles, California 90012, pursuant to the Federal Arbitration Act

("FAA"), 9 U.S.C. sections 3 and 4, Defendant OTO DEVELOPMENT, LLC ("Defendant") will and hereby does move the Court for an order (1) compelling arbitration of Plaintiff Houston Baxley's ("Plaintiff") individual claims and (2) dismissing the class claims.

This Motion seeks relief on the grounds that Plaintiff entered into a valid and enforceable arbitration agreement requiring that her individual claims be submitted to arbitration ("Arbitration Agreement"), and that Defendant has no other adequate remedy to compel arbitration. The FAA governs the Arbitration Agreement based on the terms of the Arbitration Agreement, and because the Arbitration Agreement, as well as Plaintiff's employment, concern transactions involving interstate commerce. Pursuant to section 4 of the FAA, Plaintiff should be ordered to arbitrate her individual claims in accordance with the terms of her agreement. Since Plaintiff has expressly and knowingly waived her right to initiate or participate in any class action, Plaintiff's class claims should be dismissed. *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018).

This Motion is based upon this Notice; the Memorandum of Points and Authorities in support thereof; the declarations of Catherine Johnston and Min K. Kim; the documents and records in the Court's file; any oral argument that may be presented at the hearing; and any other matter the Court deems appropriate.

This Motion is made following an attempt by Defendant's counsel to arrange for a conference of counsel pursuant to Local Rule 7-3 on January 12, 2024, to which Plaintiff's counsel never responded.

Dated: January 19, 2024                    FORD & HARRISON LLP

By:  /s/ Daniel Chammas
      Daniel B Chammas
      Min K. Kim
      Attorneys for Defendant,
      OTO DEVELOPMENT, LLC

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I. INTRODUCTION ............................................................................................. 1

II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........................................................................... 1

    A. Plaintiff's Employment with Defendant and Her Arbitration Agreement ................................................................... 1

    B. Despite Agreeing To Arbitrate Claims Arising From Her Employment, Plaintiff Has Brought This Action Instead Of Arbitration ................................................................................ 3

III. THE FEDERAL ARBITRATION ACT ("FAA") REQUIRES ENFORCEMENT OF THE INSTANT ARBITRATION AGREEMENT. ............................................................................................. 3

    A. The FAA Governs The Arbitration Agreement ........................... 3

    B. The FAA Favors Arbitration ........................................................ 5

    C. The FAA Preempts Any Contrary State Law .............................. 6

IV. THIS COURT SHOULD COMPEL PLAINTIFF'S INDIVIDUAL wage-and-hour claims TO ARBITRATION ........................ 6

    A. Plaintiff Is Bound By The Arbitration Agreement ....................... 6

    B. The Arbitration Agreement Should Be Enforced Because It Is An Agreement To Arbitrate That Covers Plaintiff's Wage-And-Hour Claims ............................................................... 7

    C. The Arbitration Agreement Is Not Unconscionable .................... 8

        1. The Arbitration Agreement Is Procedurally Conscionable. ..................................................................... 9

Ford & Harrison LLP
Attorneys at Law
Los Angeles

i

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
AND DISMISS CLASS CLAIMS

      2.     The Arbitration Agreement Is Substantively Conscionable. ...................................................................................9

V.    Plaintiff's class Action Claims Must be Dismissed ......................................10

VI.   CONCLUSION.................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allied-Bruce Terminix Cos., Inc. v. Dobson*,
    513 U.S. 265 (1995)..................................................................................4, 5

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011)....................................................................................passim

*Buckeye Check Cashing, v. Cardegna*,
    546 U.S. 440 (2006)....................................................................................4

*Capriole v. Uber Techs., Inc.*,
    7 F.4th 854 (9th Cir. 2021)........................................................................5

*Circuit City Stores v. Adams*,
    532 U.S. 105 (2001)....................................................................................5

*Citizens Bank v. Alafabco, Inc.*,
    539 U.S. 52 (2003)......................................................................................3

*Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985)....................................................................................5

*DiCarlo v. MoneyLion, Inc.*,
    988 F.3d 1148 (9th Cir. 2021)...................................................................5

*DirectTV v. Imburgia*,
    136 S. Ct. 463 (2015).................................................................................6

*EEOC v. Waffle House*,
    534 U.S. 279 (2002)....................................................................................7

*Epic Systems Corp. v. Lewis*,
    138 S. Ct. 1612 (2018)...............................................................2, 5, 6, 11

*Ferguson v. Corinthian Colleges, Inc.*,
    733 F.3d 928 (9th Cir. 2013).....................................................................1

*First Options of Chicago, Inc. v. Kaplan*,
    514 U.S. 938 (1995)....................................................................................6

*Gilmer v. Interstate/ Johnson Lane Corp.*,
    500 U.S. 20 (1991)......................................................................................5

*Kindred Nursing Centers Limited Partnership v. Clark*,
    137 S. Ct. 1421 (2017)...............................................................................6

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
    514 U.S. 52 (1995)......................................................................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)....................................................................................1, 5

*Perry v. Thomas*,
    482 U.S. 483 (1987)..............................................................................5, 6

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
AND DISMISS CLASS CLAIMS

*Preston v. Ferrer*,
    552 U.S. 346 (2008) .................................................................................... 6

**State Cases**

*Armendariz v. Found Health Psychcare Servs., Inc.*,
    24 Cal. 4th 83 (2000) ............................................................................... 8, 9
*Basura v. U.S. Home Corp.*,
    98 Cal. App. 4th 1205 (2002) ....................................................................... 3
*Cronus Investments, v. Concierge Services*,
    35 Cal. 4th 376 (2005) ............................................................................. 4, 5
*Discover Bank v. Superior Court*,
    36 Cal. 4th 148 (2005) ................................................................................ 11
*Garrido v. Air Liquide Indus.*,
    241 Cal. App. 4th 833 (2015) ....................................................................... 8
*Hedges v. Carrigan*,
    117 Cal. App. 4th 578 (2004) ................................................................... 3, 4
*Iskanian v. CLS Transportation Los Angeles, LLC*,
    59 Cal. 4th 348 (2014) .......................................................................... 11, 12
*Lawson v. ZB, N.A.*,
    18 Cal. App. 5th 705 (2017) ....................................................................... 12
*Marin Storage and Trucking, Inc. v. Benco Contracting & Engineering, Inc.*,
    89 Cal. App. 4th 1042 (2001) ....................................................................... 8
*Pearson Dental v. Sup'r Court*,
    48 Cal. 4th 665 (2010) .................................................................................. 6
*Pinnacle Museum Tower Ass'n v. Pinnacle Market Development*, LLC,
    55 Cal. 4th 223 (2012) .............................................................................. 6, 8
*Robison v. City of Manteca*,
    78 Cal. App. 4th 452 (2000) ..................................................................... 8, 9
*Rodriguez v. American, Tech.*,
    136 Cal. App. 4th 1110 (2006) ..................................................................... 4
*Russell v. Union Oil Co.*,
    7 Cal. App. 3d 110 (1970) ............................................................................ 7
*Stewart v. Preston Pipeline Inc.*,
    134 Cal. App. 4th 1565 (2005) ..................................................................... 7
*Villa Milano Homeowners Assn. v. Davorge*,
    84 Cal. App. 4th 819 (2000) ......................................................................... 8

**Federal Statutes**

9 U.S.C. §§ 3 and 4 ........................................................................................... 2
9 U.S.C. § 2 ........................................................................................................ 3

United States Code § 1 ................................................................................... 4, 12
United States Constitution, art. VI, cl. 2 .............................................................. 6

**State Statutes**

Cal. Civ. Proc. Code § 1280 .............................................................................. 10
Cal. Civ. Proc. Code §§ 1283.4, 1283.6, 1284 .................................................. 10
Cal. Civ. Proc. Code § 1550 ................................................................................ 6
Labor Code §§ 201-203 ................................................................................... 3, 8
Labor Code § 229 ................................................................................................ 8

Ford & Harrison LLP
Attorneys at Law
Los Angeles

v

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
AND DISMISS CLASS CLAIMS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 8, 2022, Plaintiff Houston Baxley ("Plaintiff") signed a Dispute Resolution Agreement ("Arbitration Agreement"), expressly agreeing to resolve any disputes that she may have with Defendant OTO Development, LLC ("Defendant" or "OTO") in binding arbitration. On December 4, 2023, Plaintiff filed the instant Class Action against Defendant alleging wage-and-hour claims.

The Arbitration Agreement signed by Plaintiff is enforceable under federal law. The FAA "reflects an "emphatic federal policy in favor of arbitration." *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 932 (9th Cir. 2013). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Furthermore, since Plaintiff has expressly and knowingly waived her right to bring a class action against Defendant, Plaintiff's class claims must be dismissed before this matter is submitted to arbitration.

Accordingly, Defendant respectfully requests that the Court issue an order compelling Plaintiff's individual claims to arbitration and dismissing her class claims.

## II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Plaintiff's Employment with Defendant and Her Arbitration Agreement

Defendant hired Plaintiff as a Front Desk Associate on or about April 7, 2022. (Johnston Decl., ¶ 4.) On April 8, 2022, after she was hired, Plaintiff signed and submitted an arbitration agreement, in which both Plaintiff and Defendant mutually agreed to arbitrate any potential disputes related to Plaintiff's employment. (*See id.*, ¶ 6, 8, **Ex. 1**.) The Arbitration Agreement states, in relevant part, as follows:

///

"1.     By signing my name below and/or by accepting and/or continuing employment with the Company or compensation, I agree to pursue any claims I might have against the Company that currently exist or that may arise in the future exclusively through binding arbitration; similarly, the Company agrees to pursue any claims it might have against me that currently exist or that may arise in the future exclusively through binding arbitration...

2.     I understand that this agreement requires me to pursue all claims I bring against the Company (and any third-party beneficiaries) through binding arbitration, and requires that the Company submit any claims it has against me to binding arbitration (except for those claims specifically excluded by this agreement).  Our agreement to arbitrate includes any and all claims which arise out of the employment context or any other interaction/relationship we had, have or may have in the future.  Those claims include, but are not limited to, any claim, dispute, and/or controversy that either party brings against the other (including, but not limited to, any claims of discrimination and harassment, whether they be based on the California Fair Employment and Housing Act, the Americans With Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, as well as other applicable state or federal laws or regulations) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Company, as well as any third-party beneficiaries of the Company."

(Johnston Decl., ¶ 6, Ex. 1).

The Arbitration Agreement also expressly provides a class action waiver as follows:

"7.     I agree that the arbitrator lacks authority and is prohibited from consolidating the claims of others into one proceeding.  This means that an arbitrator will hear only my individual claims and does not have the authority to fashion a proceeding as a class or collective action, or to award monetary relief to a group of employees in one proceeding.  **Thus, the Company has the right to defeat any attempt by me to file or join other employees in a class, collective, representative, or joint action lawsuit or arbitration (collectively "class claims").**  I and the Company both agree that any challenge to the prohibition against consolidating the claims of others into a single proceeding, whether as a class, a representative action or otherwise, is a gateway issue and shall be determined by the trial court; and any substantive claims shall not be decided by the arbitrator until

after the gateway determination is made by the court… (*Id.* (emphasis added).)

### B. Despite Agreeing To Arbitrate Claims Arising From Her Employment, Plaintiff Has Brought This Action Instead Of Arbitration.

Notwithstanding Plaintiff's express agreement to submit any and all employment disputes between herself and Defendant to arbitration, Plaintiff has made no attempt to arbitrate her claims and instead filed the instant lawsuit against Defendant in Ventura County Superior Court on December 4, 2023. (Kim Decl., ¶ 2.) Through her Complaint, Plaintiff asserted, as an individual and on behalf of all others similarly situated, class claims alleging violation of Labor Code §§ 201-203, even though Plaintiff has expressly waived her right to bring a class action and agreed to arbitrate her individual claims. (*Id.*)

## III. THE FEDERAL ARBITRATION ACT ("FAA") REQUIRES ENFORCEMENT OF THE INSTANT ARBITRATION AGREEMENT.

The Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

### A. The FAA Governs The Arbitration Agreement

The FAA applies to agreements "involving commerce." 9 U.S.C. § 2. The United States Supreme Court has interpreted the term "involving commerce" in the FAA as the functional equivalent of the more familiar term "affecting commerce"—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power; that is, "within the flow of interstate commerce." *Hedges v. Carrigan*, 117 Cal. App. 4th 578, 585-86 (2004). In *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56-58 (2003), the United States Supreme Court held that an arbitration agreement in a debt restructuring agreement was governed by the FAA. The Court reasoned that the indebted party "engaged in business throughout the southeastern United States using substantial loans from the bank that were renegotiated and redocumented in the debt-restructuring agreements." *Id.* Likewise, in *Basura v. U.S. Home Corp.,* 98 Cal. App. 4th 1205, 1214

(2002), the Second District Court of Appeal found that the FAA applied to the parties' arbitration agreement because communications through "interstate mail and telephone" and marketing and advertising activities through "interstate media" constitute interstate commerce.

Here, Plaintiff specifically agreed in the Arbitration Agreement that "this agreement and my employment are governed by the Federal Arbitration Act (FAA) (9 United States Code § 1, et seq.)." (Johnston Decl., ¶ 6, Ex. 1 (Paragraph 4)). This alone is sufficient to apply the FAA. *See Buckeye Check Cashing, v. Cardegna*, 546 U.S. 440, 442-443 (2006) (where arbitration agreement expressly provided that FAA was to govern, the FAA preempted application of state law); *Cronus Investments, v. Concierge Services*, 35 Cal. 4th 376, 394 (2005) (recognizing parties to an arbitration agreement may expressly designate that the FAA's procedural provisions apply); *Rodriguez v. American Tech.*, 136 Cal. App. 4th 1110, 1122 (2006) (reversing lower court's order denying defendant's motion to compel arbitration because the parties expressly agreed that any arbitration proceeding would move forward under the FAA's procedural provisions and therefore the trial court lacked discretion under state arbitration law to deny the motion).

Further, it is clear that the Arbitration Agreement involves interstate commerce. Here, Defendant manages hotels and provides services to its hotel guests. (Johnston Decl., ¶ 2). Defendant interviews and hires employees, including Plaintiff, to manage those operations. *Id.*; *see Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273 (1995) (noting FAA's interstate commerce requirement is satisfied if the "transaction" remotely "involves" interstate commerce, even if parties did not contemplate interstate commerce connection); *see also Hedges v. Carrigan*, 117 Cal. App. 4th 578, 585-86 (2004) (explaining that the Supreme Court has interpreted the term "involving commerce" in the FAA is the functional equivalent of the more familiar term "affecting commerce"—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power; that is, "within the flow of interstate commerce"). Thus, the Arbitration Agreement relates to transactions involving interstate commerce and the FAA governs

Ford & Harrison LLP
Attorneys at Law
Los Angeles

4

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
AND DISMISS CLASS CLAIMS

...
...
...
...
...

this Agreement.

### B. The FAA Favors Arbitration

The FAA declares a liberal policy favoring the enforcement of arbitration policies, stating:

> "A written provision in...a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("*Concepcion*").)

The FAA was enacted to reverse the "longstanding judicial hostility to arbitration agreements... and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/ Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *see also Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995); *Circuit City Stores v. Adams*, 532 U.S. 105, 122-123 (2001); *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 861 (9th Cir. 2021). To this end, the FAA amounts to a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Perry v. Thomas*, 482 U.S. 483, 489 (1987), quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983).

Indeed, the FAA mandates that courts compel arbitration of claims that parties have agreed to arbitrate. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "[T]he Act leaves no place for the exercise of discretion by a district court." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "Any doubts or ambiguities as to the scope of the arbitration clause itself should be resolved in favor of arbitration." *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal. 4th 376, 386; *see also DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1152 (9th Cir. 2021).

Moreover, the United States Supreme Court has warned against judicial rulings designed to erode FAA precedent "by indirection." *Circuit City Stores*, *supra*, 532 U.S. at 122. In *Epic Systems*, the United States Supreme Court took a strong stance in favor of the FAA and arbitration agreements, holding that rules prohibiting enforcement of

arbitration agreements are improper "devices" that manifest unlawful "judicial antagonism" towards arbitration. *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018) ("*Epic Systems*").

### C. The FAA Preempts Any Contrary State Law

Because the FAA governs the Arbitration Agreement, the Supremacy Clause of the United States Constitution, art. VI, cl. 2, requires that Plaintiff's claims be arbitrated, regardless of any contrary state law, and the FAA preempts all conflicting state laws. *DirectTV v. Imburgia*, 136 S. Ct. 463, 468 (2015)*; Preston v. Ferrer*, 552 U.S. 346, 353 (2008).

States, whether through their legislatures or courts, cannot create special exceptions to the enforcement of arbitration agreements governed by the FAA. *Kindred Nursing Centers Limited Partnership v. Clark*, 137 S. Ct. 1421, 1426 (2017) ("*Kindred Nursing*") ("The FAA thus preempts any state rule discriminating on its face against arbitration - for example, a law prohibit[ing] outright the arbitration of a particular type of claim."); *Preston*, *supra*, 552 U.S. at 353; *Perry*, *supra*, 482 U.S. at 492, fn. 9. Indeed, the California Supreme Court now rigorously applies the principles favoring arbitration. *See Pinnacle Museum Tower Ass'n v. Pinnacle Market Development*, LLC, 55 Cal. 4th 223, 235 (2012); *Pearson Dental v. Sup'r Court,* 48 Cal. 4th 665, 681 (2010) ("Even assuming an arbitration clause...would violate California law, state law would be preempted when applied to an arbitration agreement covered by the [FAA].").

## IV. THIS COURT SHOULD COMPEL PLAINTIFF'S INDIVIDUAL WAGE-AND-HOUR CLAIMS TO ARBITRATION

### A. Plaintiff Is Bound By The Arbitration Agreement

Whether the parties have agreed to arbitrate a dispute is governed by ordinary contract principles. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In California, a valid contract exists when (1) the parties are capable of contracting, (2) there was mutual consent, (3) the contract had a lawful object, and (4) the contract was supported by sufficient cause or consideration. Cal. Civ. Code § 1550. "The

determination of whether [consent] is present is made by the use of an objective test, the manifestations or expressions of assent being controlling." *Russell v. Union Oil Co.*, 7 Cal. App. 3d 110, 114 (1970). In other words, "[m]utual assent is gathered from the reasonable meaning of the words and acts of the parties, and not from their unexpressed intentions or understanding." *Id.*

Here, there is no dispute that the parties are capable of contracting, mutually agreed to arbitration, and that the essential terms were communicated to the Plaintiff in writing. (Johnston Decl., ¶ 6; *see also id.*, Ex. 1.) Indeed, Plaintiff accepted and agreed to the terms of the Arbitration Agreement by signing and submitting it on April 8, 2022. (*Id.*) As such, Plaintiff cannot dispute that she agreed to and accepted the terms of the agreement to arbitrate disputes related to her employment with Defendant.

Furthermore, the Arbitration Agreement has lawful purposes: the expedient resolution of disputes. *See AT&T Mobility LLC v. Concepcion* 563 U.S. 333 (2011); *Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1586 (2005). Indeed, the parties have a cause or reason for obligating themselves to the advantages of arbitration and did so by agreement.

Finally, the contract was supported by sufficient consideration—in exchange for Plaintiff's agreement to be bound by the Arbitration Agreement, Defendant also agreed to be mutually bound. Thus, all of the necessary elements have been satisfied.

### B. The Arbitration Agreement Should Be Enforced Because It Is An Agreement To Arbitrate That Covers Plaintiff's Wage-And-Hour Claims

In determining whether Plaintiff's claims are covered by the Arbitration Agreement, the threshold inquiry is an analysis of the contractual language itself. "Absent some ambiguity in the agreement... it is the language of the contract that defines the scope of disputes subject to arbitration." *EEOC v. Waffle House*, 534 U.S. 279, 289 (2002). Even if the parties agree to submit a wide range of claims to arbitration, such an agreement must be enforced. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57-58 (1995).

The Arbitration Agreement broadly covers "any and all claims which arise out of the employment context or any other interaction/relationship [Plaintiff and Defendant] had, have or may have in the future. Those claims include, but are not limited to, any claim, dispute, and/or controversy that either party brings against the other…" (Johnston Decl., Ex. 1.) Because the Complaint asserts that Defendant violated California Labor Code sections 201 - 203, it is subject to the Arbitration Agreement and any claims asserted therein must be compelled to individual arbitration. (*Id.*)

Additionally, the Arbitration Agreement expressly incorporates the FAA. (*Id.*) Under the FAA, arbitration clauses requiring that employees arbitrate wage claims are fully enforceable. *See Garrido v. Air Liquide Indus.*, 241 Cal. App. 4th 833, 844–45 (2015) ("The FAA preempts Labor Code section 229, requiring enforcement of an arbitration agreement covering [an unpaid wages] claim.")

### C. The Arbitration Agreement Is Not Unconscionable

The Arbitration Agreement signed by Plaintiff is not unconscionable, and thus enforceable. First, an adhesion contract is not unconscionable, and, thus, enforceable. *See Villa Milano Homeowners Assn. v. Davorge*, 84 Cal. App. 4th 819, 828 (2000), *overruled in part on other grounds*, *Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223 (2012); *Marin Storage and Trucking, Inc. v. Benco Contracting & Engineering, Inc.*, 89 Cal. App. 4th 1042, 1052 (2001).

Unconscionability has procedural and substantive elements, both of which must be present to render a contract unenforceable under California law. *See Armendariz v. Found Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000); *Robison v. City of Manteca*, 78 Cal. App. 4th 452, 458-59 (2000). The procedural element pertains to issues of oppression and surprise, such as relative bargaining power and whether the parties knew of the agreement and understood its terms. *See Armendariz*, 24 Cal. 4th at 114. The substantive element "traditionally involves contract terms that are so one-sided as to 'shock the conscience' or that impose harsh or oppressive terms." *Robinson*, 78 Cal. App. 4th at 459. Here, the Arbitration Agreement is both procedurally and

substantively conscionable.

### 1. The Arbitration Agreement Is Procedurally Conscionable.

To show procedural unconscionability, the party who seeks to avoid his or her agreement must demonstrate **both** unequal bargaining power and the lack of disclosure of material contract provisions. *Id.* Some courts consider this latter element to be an unfair surprise requirement. *Id.* Here, it is abundantly clear that there was no "unfair surprise." The Arbitration Agreement was presented to Plaintiff in an electronic document not exceeding more than 4 pages with the title "**EMPLOYEE ACKNOWLEDGMENT AND DISPUTE RESOLUTION AGREEMENT**," which was written in bold, capital letters. Further, the entirety of the Arbitration Agreement was aimed at clearly documenting a mutual agreement to arbitrate and a reading of any portion of the document would provide a reader an understanding of the purpose of the Arbitration Agreement. In light of the foregoing, there is no reasonable argument that the Arbitration Agreement was procedurally unconscionable.

### 2. The Arbitration Agreement Is Substantively Conscionable.

Under *Armendariz*, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract." *Armendariz*, 24 Cal. 4th at 98. Thus, per *Armendariz*, a mandatory employment arbitration agreement must: (1) provide for neutral arbitrators; (2) provide for more than minimal discovery; (3) provide for a written award; (4) provide for all of the types of relief that would be otherwise be available in court; (5) not require employees to bear unreasonable expenses, arbitration forum costs, or expenses they would not be required to bear if they brought their action in court; and (6) provide a "modicum of bilaterality" between employee and employer. *Id.* at 102-13, 117.

The Arbitration Agreement signed by Plaintiff complies with the requirements of *Armendariz* and is enforceable. (Johnston Decl., Ex. 1.) First, the Arbitration Agreement requires the use of a neutral arbitrator. The Arbitration Agreement specifically notes: "[i]n addition to requirements imposed by law, any arbitrator herein

Ford & Harrison LLP
Attorneys at Law
Los Angeles

9

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
AND DISMISS CLASS CLAIMS

shall be retired state or federal trial court level judge and shall be subject to disqualification on the same grounds as would apply to a California Superior Court Judge." (*See* Johnston Decl., Ex 1.)

Second, the Arbitration Agreement provides for adequate discovery. The Arbitration Agreement states that "[t]he binding arbitration proceedings shall be governed by the rules listed herein or as supplemented by the Federal Arbitration Act and/or the procedures of the California Arbitration Act (California Code of Civil Procedure § 1280 et seq., including § 1283.05 and all of the Act's other mandatory and permissive rights to discovery." (Johnston Decl., Ex 1.) Third, the Arbitration Agreement provides for a written award. The Arbitration Agreement states that "[a]wards shall include the arbitrator's written reasoned opinion." (*See id*; Cal. Civ. Proc. Code §§ 1283.4, 1283.6, 1284.) Fourth, Plaintiff will not be required to pay unreasonable costs or the arbitrator's fees, as the Arbitration Agreement specifically provides the following: "I understand that in most all circumstances the Company will pay all costs and arbitrator fees unique to the arbitration as required by controlling case law, such as for statutory claims for unpaid wages, discrimination, harassment, retaliation, etc." (Johnston Decl., Ex 1.) Fifth, the Arbitration Agreement provides for all types of relief otherwise available to Plaintiff in this litigation, as the Arbitration Agreement provides that "[t]he arbitrator shall have the authority to fashion the arbitration proceeding and the award to preserve any special protections afforded by the laws governing the claims." (*Id*.)

Finally, "modicum of bilaterality" exists as the Arbitration Agreement binds both Plaintiff's claims and Defendant's claims which arise out of their employment relationship, to arbitration.

## V. PLAINTIFF'S CLASS ACTION CLAIMS MUST BE DISMISSED

Arbitration agreements that waive an employee's right to bring or participate in a wage and hour class action have been held by the California and the United States Supreme Courts to be enforceable under the FAA. In *AT&T Mobility LLC v.*

*Concepcion*, 563 U.S. 333, 340 (2011), the U.S. Supreme Court considered whether "California's rule classifying most collective-arbitration waivers in consumer contracts [w]as unconscionable." The Court considered the California Supreme Court's holding that a class action "'waiver [that] is found in a consumer contract of adhesion" and that is part of "a scheme to deliberately cheat large numbers of consumers out of individually small sums of money," is "unconscionable under California law and should not be enforced." *Id.* (quoting *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 162-63 (2005)).

The Court held that the FAA preempts California's rule against class action waivers in arbitration agreements, holding that "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." *Id.*, 344. "'Because it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,' [citation] California's *Discover Bank* rule is pre-empted by the FAA." *Id.*, 352. *See also Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018) (FAA required arbitration of and dismissal of class claims in wage and hour class action alleging that employer violated "California law by paying [class members] salaries without overtime pay").

The California Supreme Court reached the same conclusion in *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014). In that case, the plaintiff "filed a class action complaint against CLS, alleging that it failed to pay overtime, provide meal and rest breaks, reimburse business expenses, provide accurate and complete wage statements, or pay final wages in a timely manner." *Id.*, at 361. The Court recognized that "[u]nder the logic of *Concepcion*, the FAA preempts *Gentry*'s rule against employment class waivers." *Id.*, at 364. The Court reasoned that "*Concepcion* held that the FAA does prevent states from mandating or promoting procedures incompatible with arbitration. The *Gentry* rule runs afoul of this latter principle. We thus conclude in light of *Concepcion* that the FAA preempts the *Gentry*

Ford & Harrison LLP
Attorneys at Law
Los Angeles

11

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
AND DISMISS CLASS CLAIMS

rule." *Id.*, at 366. *See also Lawson v. ZB, N.A.*, 18 Cal. App. 5th 705, 718–19 (2017) (in *Concepcion*, "the court held class action waivers in arbitration agreements were enforceable under the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.), and any contrary state statutes or rules of law which interfered with the enforceability of those waivers were preempted by the FAA").

The Arbitration Agreement signed by Plaintiff specifically states as follows:

> "7.    I agree that the arbitrator lacks authority and is prohibited from consolidating the claims of others into one proceeding.  This means that an arbitrator will hear only my individual claims and does not have the authority to fashion a proceeding as a class or collective action, or to award monetary relief to a group of employees in one proceeding.  **Thus, the Company has the right to defeat any attempt by me to file or join other employees in a class, collective, representative, or joint action lawsuit or arbitration (collectively "class claims").**  I and the Company both agree that any challenge to the prohibition against consolidating the claims of others into a single proceeding, whether as a class, a representative action or otherwise, is a gateway issue and shall be determined by the trial court; and any substantive claims shall not be decided by the arbitrator until after the gateway determination is made by the court… (*Id.* (emphasis added).)

(Johnston Decl., Ex. 1.)

Since Plaintiff has expressly and knowingly waived her right to file or join a class action, Plaintiff's class claims should be dismissed before this matter is submitted to arbitration.

## VI. CONCLUSION

Plaintiff signed a valid and enforceable arbitration agreement. Accordingly, Plaintiff must arbitrate her individual claims and her class action claims should be dismissed.

Dated:  January 19, 2024                    FORD & HARRISON LLP

By: */s/ Daniel Chammas*
    Daniel B Chammas
    Min K. Kim
    Attorneys for Defendant,
    OTO DEVELOPMENT, LLC

# PROOF OF SERVICE

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **January 19, 2024**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS**

| | |
|---|---|
| Larry W. Lee, Esq.<br>Max W. Gavron, Esq.<br>Kwanporn "Mai" Tulyathan, Esq.<br>DIVERSITY LAW GROUP, P.C.<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>Telephone: (213) 488-6555<br>Facsimile: (213) 488-6554<br>lwlee@diversitylaw.com<br>mgavron@diversitylaw.com<br>ktulyathan@diversitylaw.com<br><br>Attorneys for Plaintiff and Aggrieved Employees | Adam Rose, Esq.<br>Theodore Tang, Esq.<br>Manny Starr, Esq.<br>FRONTIER LAW CENTER<br>23901 Calabasas Road, #2074<br>Calabasas, CA 91302<br>Telephone: (818) 914-3433<br>Facsimile: (818) 914-3433<br>adam@frontierlawcenter.com<br>theodore@frontierlawcenter.com<br>manny@frontierlawcenter.com<br><br>Attorneys for Plaintiff and Aggrieved Employees |

☐ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **January 19, 2024**, at Los Angeles, California.

_____
Lillian Marquez