1  Daniel B Chammas (SBN 204825)
   dchammas@fordharrison.com
2  Min K. Kim (SBN 305884)
   mkim@fordharrison.com
3  FORD & HARRISON LLP
   350 South Grand Avenue Suite 2300
4  Los Angeles, California 90071
   Telephone:  (213) 237-2400
5  Facsimile:   (213) 237-2401

6  Attorneys for Defendant,
   OTO DEVELOPMENT, LLC
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON BAXLEY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OTO DEVELOPMENT, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,,<br><br>Defendants. | Case No. 2:24-cv-00343-PA-MAA<br><br>**DECLARATION OF CATHERINE JOHNSTON IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:  February 26, 2024<br>Time:  1:30 p.m.<br>Ctrm:  9A<br><br><br>Complaint Filed: December 4, 2023<br>Removal Filed:   January 12, 2024 |

# DECLARATION OF CATHERINE JOHNSTON

I, Catherine Johnston, declare as follows:

1. I am the Vice President of Human Resources for OTO Development, LLC ("OTO" or "Defendant"). I make this declaration in support of Defendant's Motion to Compel Arbitration and Dismiss Class Claims. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify to them under oath.

2. In my position, I am familiar with the operations of the company. OTO manages hotels and provides service to its hotel guests. As part of these operations, OTO interviews and hires employees to manage those operations.

3. As the Vice President of Human Resources, I am familiar with the record-keeping requirements and procedures at OTO. In the course of my job at OTO, I have access to personnel files that reflect dates of employment and positions held at OTO. Further, I am familiar with OTO's procedures for maintaining personnel records.

4. Based on my review of Plaintiff Houston Baxley's personnel file, she was hired by OTO on or about April 7, 20222 as a Front Desk Associate.

5. After Ms. Baxley was hired and accepted the offer letter, as part of the onboarding process, Ms. Baxley electronically received and acknowledged a series of documents, including the Employee Handbook, Dispute Resolution Agreement, Form I-9, California DE 4, Federal W-4, Job Description Acknowledgment Form, OTO Safety Absolutes-Room Attendants and others via TalentReef, which is OTO's Applicant Tracking System. Ms. Baxley reviewed, completed and/or acknowledged each of those documents before her data was moved to OTO's human resource information system ("HRIS") for payroll processing.

6. Attached hereto as **Exhibit 1** is a true and correct copy of the Employee Acknowledgement and Dispute Resolution Agreement that Houston Baxley

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 2:24-CV-00343-PA-MAA
DECLARATION OF CATHERINE JOHNSTON IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

electronically signed on April 8, 2022, as maintained in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Executed this 18 day of January, 2024.

*/s/ Catherine Johnston*
CATHERINE JOHNSTON

# EXHIBIT 1

# EMPLOYEE ACKNOWLEDGMENT
# AND DISPUTE RESOLUTION AGREEMENT

<u>Acknowledgment</u>

By signing below, I acknowledge that I have received a copy of the Employee Handbook and that I will familiarize myself with its contents.  I understand that this handbook represents the current policies, regulations, and benefits and that any and all policies or practices can be changed at any time by the Company.  The Company retains the right to add, change or delete wages, benefits, policies and all other working conditions at any time (except the policy of "at-will employment," which may not be changed, altered, revised or modified without a writing signed by the President of the Company).

I further understand that nothing in the Employee Handbook creates, or is intended to create, a promise or representation of continued employment and that my employment, position and compensation all are at-will, and may be changed or terminated at any time, with or without cause or notice, at the will of the Company or myself.   No supervisor or representative of the Company, other than its President, has any authority to enter into any agreement for employment for any specified period of time or make any agreement contrary to the foregoing. Oral representations made before or after I am hired do not alter this Agreement.

<u>Dispute Resolution Agreement</u>

1.      By signing my name below and/or by accepting and/or continuing employment with the Company or compensation, I agree to pursue any claims I might have against the Company that currently exist or that may arise in the future exclusively through binding arbitration; similarly, the Company agrees to pursue any claims it might have against me that currently exist or that may arise in the future exclusively through binding arbitration.  The only exceptions to this requirement are identified in Paragraph 3, below.  Our agreement to submit all claims to binding arbitration includes any claims that either of us may have against any third-party beneficiaries as mentioned below.  By agreeing to binding arbitration, we waive our rights to have any and all claims decided in an administrative hearing, in a judge/bench trial, and/or in a jury trial. I understand that our only recourse for pursuing claims is through binding arbitration according to the rules set forth herein and/or those rules incorporated by reference in this agreement.  I understand I have the right to arrange for an attorney to represent me or to represent myself during the arbitration proceedings.  I understand that neither I nor the Company may later decide that one of us does not want to arbitrate all such claims.

2.      I understand that this agreement requires me to pursue all claims I bring against the Company (and any third-party beneficiaries) through binding arbitration, and requires that the Company submit any claims it has against me to binding arbitration (except for those claims specifically excluded by this agreement).  Our agreement to arbitrate includes any and all claims which arise out of the employment context or any other interaction/relationship we had, have or may have in the future.  Those claims include, but are not limited to, any claim, dispute, and/or controversy that either party brings against the other (including, but not limited to, any claims of discrimination and harassment, whether they be based on the California Fair Employment and Housing Act, the Americans With Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other applicable state or federal laws or regulations) which would otherwise require or allow resort to any court or other governmental dispute resolution

forum between myself and the Company, as well as any third-party beneficiaries of the Company. Third-party beneficiaries include the Company's owners, directors, officers, managers, employees, agents, partners, attorneys, sister-companies, subsidiaries, parent companies, joint-venturers, affiliated persons/entities, independent contractors, and parties affiliated with its employee benefit and health plans. These claims also include any claims arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company or third-party beneficiaries, whether based on tort, contract, statute, equity or otherwise.

3.  As the sole exceptions to the obligation to arbitrate claims, I understand that I do not have to arbitrate claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, and Employment Development Department claims. I further understand and agree that nothing in this agreement precludes me from filing any administrative claim/charge with, or from participating in any investigation/administrative proceeding conducted by government agencies such as the Department of Fair Employment and Housing, the California Labor Commissioner and/or the Equal Employment Opportunity Commission. However, after I exhaust such administrative process/investigation, I understand and agree that I must pursue any such claims through binding arbitration for any final adjudication/award.

4.  I acknowledge that the Company's business and the nature of my employment in that business affect interstate commerce. Thus, I agree that this agreement and my employment are governed by the Federal Arbitration Act (FAA) (9 United States Code § 1, et seq.). The binding arbitration proceedings shall be governed by the rules listed herein or as supplemented by the Federal Arbitration Act and/or the procedures of the California Arbitration Act (California Code of Civil Procedure § 1280 et seq., including § 1283.05 and all of the Act's other mandatory and permissive rights to discovery). The California Arbitration Act shall only control the arbitration proceedings to the extent it is consistent with this agreement and/or the Federal Arbitration Act.

5.  In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal trial court level judge and shall be subject to disqualification on the same grounds as would apply to a California Superior Court judge. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of an arbitrator. If applicable, all rules of pleading (including the right of demurrer), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and judgment under the Code of Civil Procedure Section 631.8, that would apply in court shall apply in the arbitration proceeding. The arbitrator shall apply only the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including, but not limited to, notions of "just cause") other than such controlling law to determine the dispute. The arbitrator shall have the authority to fashion the arbitration proceeding and the award to preserve any special protections afforded by the laws governing the claims. All communications during or in connection with the arbitration proceedings are privileged in accordance with California Civil Code § 47(b). The arbitrator shall have the right to extend the times set by the Act for the giving of notices and setting of hearings. Awards shall include the arbitrator's written reasoned opinion.

6.  I understand that in most all circumstances the Company will pay all costs and arbitrator fees unique to the arbitration as required by controlling case law, such as for statutory claims for unpaid wages, discrimination, harassment, retaliation, etc. However, there are some instances where the costs of

arbitration will be split between the parties as set forth in the California Arbitration Act, such as where the Company brings a claim against me for violation of trade secret rules, conflicts of interest, or other similar claims. The costs of arbitration may also be split if claims I bring against the Company do not involve unwaivable statutory rights and the controlling case law does not require that the Company pay such costs (e.g., if I bring a breach of contract claim against the Company). I will not be required to share in any costs unique to arbitration until the arbitrator makes a specific ruling at the outset of the arbitration process that the claims at issue require me to share any portion of the cost of arbitration.

7.   I agree that the arbitrator lacks authority and is prohibited from consolidating the claims of others into one proceeding. This means that an arbitrator will hear only my individual claims and does not have the authority to fashion a proceeding as a class or collective action, or to award monetary relief to a group of employees in one proceeding. Thus, the Company has the right to defeat any attempt by me to file or join other employees in a class, collective, representative, or joint action lawsuit or arbitration (collectively "class claims"). I and the Company both agree that any challenge to the prohibition against consolidating the claims of others into a single proceeding, whether as a class, a representative action or otherwise, is a gateway issue and shall be determined by the trial court; and any substantive claims shall not be decided by the arbitrator until after the gateway determination is made by the court. I understand that nothing in this paragraph is intended to waive my right to bring a representative claim pursuant to the California Private Attorneys General Act (PAGA) to the extent that right is unwaivable under applicable law. Both the Company and I agree that any arbitration proceeding must move forward under the FAA (9 U.S.C. §§ 3-4) even though the claims may name, involve and/or relate to persons/entities who are not parties to the arbitration agreement and/or claims that are not subject to arbitration: thus, the court may not refuse to enforce this arbitration agreement and may not stay the arbitration proceeding despite the provisions of the Code of Civil Procedure § 1281.2(c), but shall instead sever and stay the non-arbitrable claims pending the final adjudication of any arbitrable claims.

8.   I understand that all I have to do to begin the arbitration process is to send a letter by United States Postal Service Certified Mail with Return Receipt requested to the Owner(s) of the Company, the President of the Company if the Company is a corporation, or the General Manager of the Company stating that I have legal claims against the Company and/or any third-party beneficiaries, the nature of the legal claims, and that I demand to pursue them via binding arbitration. I understand that my letter must be post-marked prior to the expiration of any statute of limitations that applies to my claims. The Company may similarly commence claims against me by making a similar demand and sending it to me in the same manner. The Company and I will engage in interactive communications to agree upon an arbitrator, and if selection of a mutually agreeable arbitrator cannot accomplished, either party may petition the Superior Court to appoint an arbitrator pursuant to the California Arbitration Act (Code of Civil Procedure § 1281.6). I understand that I and the Company will be required to provide more details regarding my claims and causes of action after starting the arbitration process in accordance with the procedures and rules set forth above. Once engaged, the arbitrator will also set the timing filing and serving any responsive pleadings.

9.   I further understand that I will not be disciplined, discharged, or otherwise retaliated against for exercising my rights under the National Labor Relations Act, including but not limited to challenging the limitation on a class, collective, representative, or joint action.

10. If any term or provision, or portion of this agreement, is declared void or unenforceable, it shall be severed and the remainder of this agreement shall be enforceable. Notwithstanding the same, the prohibition on the arbitrator hearing class claims and/or collective claims shall not be severable.

11. This is the entire agreement between the Company and me regarding dispute resolution and this agreement supersedes any and all prior agreements regarding this issue to the extent that they differ from the foregoing. It is further agreed and understood that any agreement contrary to the foregoing must be entered into, in writing, by both the Owner(s) and/or President of the Company and me. Oral promises shall not serve to modify and/or cancel this agreement.

12. I understand that this agreement does not affect my status as an at-will employee, and my employment is for no definite period. Both the Company and I have the right to terminate my employment at any time, for any reason, with or without cause. The at-will status can only be changed in writing signed by both the Owner(s) and/or President of the Company and me.

13. I UNDERSTAND THAT I AM GIVING UP THE RIGHT TO TRIAL BY JURY, BY A SITTING TRIAL COURT JUDGE AND/OR BY FINAL ADJUDICATION THROUGH AN ADMINISTRATIVE PROCESS BY AGREEING TO BINDING ARBITRATION.

MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE BEEN GIVEN AN OPPORTUNITY TO READ AND CONSIDER THIS ACKNOWLEDGMENT AND DISPUTE RESOLUTION AGREEMENT, AND THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND BY ALL OF THE ABOVE TERMS. I ALSO UNDERSTAND AND AGREE THAT THE COMPANY IS BINDING ITSELF TO THIS AGREEMENT BY PRESENTING THIS AGREEMENT TO ME FOR SIGNATURE.

**DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE**

**ACKNOWLEDGMENT AND DISPUTE RESOLUTION AGREEMENT.**

**Print Full Name:** _____

**Signature:** _____

**Date:** _____

**[RETAIN IN EMPLOYEE PERSONNEL FILE]**

**Digitally Signed By: Houston Baxley**
**Date: Apr-08-2022 4:44:00 PM EDT**

04/08/2022

Employee Signature                                   Date

# PROOF OF SERVICE

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **January 19, 2024**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DECLARATION OF CATHERINE JOHNSTON IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

| | |
|---|---|
| Larry W. Lee, Esq.<br>Max W. Gavron, Esq.<br>Kwanporn "Mai" Tulyathan, Esq.<br>DIVERSITY LAW GROUP, P.C.<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>Telephone: (213) 488-6555<br>Facsimile: (213) 488-6554<br>lwlee@diversitylaw.com<br>mgavron@diversitylaw.com<br>ktulyathan@diversitylaw.com<br><br>Attorneys for Plaintiff and Aggrieved Employees | Adam Rose, Esq.<br>Theodore Tang, Esq.<br>Manny Starr, Esq.<br>FRONTIER LAW CENTER<br>23901 Calabasas Road, #2074<br>Calabasas, CA 91302<br>Telephone: (818) 914-3433<br>Facsimile: (818) 914-3433<br>adam@frontierlawcenter.com<br>theodore@frontierlawcenter.com<br>manny@frontierlawcenter.com<br><br>Attorneys for Plaintiff and Aggrieved Employees |

☐ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **January 19, 2024**, at Los Angeles, California.

_Lillian Marquez_
Lillian Marquez